Filed 5/26/22  Trident Group, Inc. v. OnlyBusiness.com, LLC CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TRIDENT GROUP, INC., | B311933 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. SC126936) |
| ONLYBUSINESS.COM, LLC., | |
| Defendant, | |
| DANIEL MEYEROV, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura A. Seigle, Judge.  Affirmed.

Lurie & Kramer, Barak Lurie, Brent A. Kramer, for Appellant.

Pick & Boydston, Brian D. Boydston, for Plaintiff and Respondent.

No appearance for Defendant.

Plaintiff and respondent Trident Group, Inc. brought an action alleging breach of a loan agreement against defendant OnlyBusiness.com, LLC (OB). After OB took no action to defend the lawsuit, appellant Daniel Meyerov, a former manager of OB, successfully intervened.  When Trident moved for summary judgment, Meyerov opposed, arguing that Trident's complaint was barred by the applicable statute of limitations.  The trial court granted summary judgment for Trident, rejecting Meyerov's statute of limitations defense based on a written tolling agreement between Trident and OB.  The court also denied Meyerov's summary judgment motion on the same basis.

Meyerov appeals from both summary judgment orders.  He argues Trident failed to establish that the tolling agreement was enforceable, because it put forth no evidence that the agreement was accepted by OB or that any such acceptance was properly transmitted under applicable notice provisions.  We find no error in the trial court's rejection of these arguments and therefore affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

I.    *The Loan Documents*

Trident and OB entered into a loan agreement in April 2008, pursuant to which Trident agreed to loan OB up to $2 million in several installments. The loan agreement required OB to repay the loan by the "maturity date" of April 30, 2012 if its cumulative net profits for the preceding three fiscal years were less than projected in the 2008 and 2009 budgets.  The loan agreement also contained a notice provision, paragraph 9.2, which provided, "All notices, approvals, consents, requests and demands upon the respective parties hereto shall be in writing," and required service by mail, fax, or overnight delivery.

The loan agreement was signed by Meyerov and Mark Friedman as members of OB, and by David Friedman[1] (Mark's father) as the president of Trident.  Meyerov subsequently left his position with OB on August 31, 2012.

In May 2008, OB executed a promissory note in favor of Trident. Under the terms of the promissory note, all interest accrued but unpaid was payable "at the end of each quarter after the occurrence of an Interest Trigger

---

[1] We refer to Mark and David Friedman by their first names to avoid confusion; no disrespect is intended.

Event"; the unpaid principal, "together with all interest and other sums owed," was "due and payable . . . upon the Maturity Date" of April 30, 2012.[2]

II.    *Pleadings*

Trident filed a verified complaint against OB on January 17, 2017, alleging a single claim for breach of contract.  The complaint was verified by David on behalf of Trident and attached copies of the loan agreement and promissory note.  Trident alleged that pursuant to the loan agreement, it loaned OB over $1.5 million between 2008 and 2012.  OB defaulted on its obligations under the loan agreement, and Trident therefore claimed damages in the amount of the loan principal plus accrued interest.

The complaint also alleged that on February 15, 2016, Trident and OB "entered into a written Tolling and Non-Waiver Agreement, a copy of which is attached hereto."  The copy attached to the complaint included only the first two (of three) pages and no signature page.

The tolling agreement stated its "effective date" was February 15, 2016 and recited that at the time, OB was "taking steps to repay" the loan but "does not currently have sufficient funds available" to do so.  The agreement further stated that the parties were "engaged in negotiations" regarding the loan repayment, and "in an attempt to avoid and/or defer litigation over the Unpaid Balance and the Loan Documents, the Parties have agreed to enter into this Agreement."  Pursuant to the tolling agreement, Trident and OB agreed not to enter into litigation regarding the loan during the term of the agreement and to toll all applicable statutes of limitations.  Paragraph 2.2 of the agreement provided that any party could terminate the agreement upon 30 days written notice to the other party.  Paragraphs 2.3 and 2.4 of the agreement set forth notice provisions, including that "All notices required or permitted to be given to any Party shall be in writing," and that any written notice could be given by email, among other methods.

Trident filed a verified first amended complaint (FAC) in April 2017, again asserting a single breach of contract claim.  It attached a copy of the tolling agreement, which included all three pages of the agreement.  The

_____

[2] As we discuss further below, the occurrence of an "interest trigger event" was the subject of dispute before the trial court, but is no longer an issue for this appeal.

third page contained a signature by David on behalf of Trident, but no signature for OB.

OB did not respond to the FAC and filed a case management statement conceding liability. In May 2017, the court found the case related to two pending lawsuits filed by Meyerov against Mark and others. The court stayed the cases for two years pending preparation of a neutral accountant's report.

Meyerov filed a motion to intervene in February 2020, which the court granted in July 2020. Both OB and Meyerov subsequently filed answers. Meyerov asserted an affirmative defense based on the statute of limitations.

III.    *Summary Judgment*

A.    *Motions by Trident and Meyerov*

Trident filed a motion for summary judgment in October 2020.[3] With respect to the timeliness of its lawsuit, Trident argued that the loan agreement required OB to repay the loan by April 30, 2012. When OB failed to do so, it breached the agreement and the statute of limitations began to run. As the April 2016 expiration date for the four year statute of limitations neared, Trident and OB entered into the tolling agreement in February 2016. Trident terminated the tolling agreement in December 2016 and filed the lawsuit a month later.

In support of its motion, Trident included a declaration from David, in which he stated that the parties agreed to toll the statute of limitations and entered into the tolling agreement on February 15, 2016. David's declaration attached a copy of the tolling agreement, which again included a signature for Trident, but not for OB.

Trident also submitted a declaration from its counsel, Brian Boydston, attaching an email he sent to Mark at OB in December 2016, terminating the tolling agreement. In the email, Boydston noted that Mark "executed the Tolling Agreement" on behalf of OB on February 15, 2016. Trident also included as evidence a portion of OB's verified discovery responses, in which OB acknowledged that the "written agreements between the parties"

---

[3] As this appeal concerns only the statute of limitations defense, we omit the details of the substantive arguments regarding Trident's breach of contract claim.

consisted of the loan agreement and accompanying promissory note, as well as the tolling agreement. In addition, Trident provided a portion of Meyerov's verified discovery responses, in which he stated that the statute of limitations had run in 2014 and that Mark and David belatedly "agreed to a Tolling Agreement" in February 2016.

Meyerov also filed a motion for summary judgment, seeking judgment in his favor as defendant-in-intervention. He argued that Trident's claim accrued in 2010, when OB was required to pay interest due under the promissory note. As such, Meyerov argued that Trident's lawsuit was untimely because it was filed in 2017, three years after the statute of limitations ran in March 2014.

Meyerov contended that alternatively, even if the statute of limitations did not run until 2016, the tolling agreement was invalid because the copies in the record were never signed by OB, as required under Code of Civil Procedure section 360.5.[4] He pointed to the copies of the tolling agreement attached to the complaint, the FAC, and David's declaration in support of Trident's motion for summary judgment, none of which contained a signature by OB. He further argued that Trident had verified that the unsigned version was a "true and correct" copy of the agreement and could not now present a signed version as an accurate copy.

Trident filed a motion for sanctions, demanding that Meyerov withdraw his motion for summary judgment. Trident stated that Meyerov had received a fully executed copy of the tolling agreement in 2016. Trident attached an email sent by Mark to Meyerov on February 25, 2016, enclosing a copy of the tolling agreement signed by both Trident and OB; it also included a March 22, 2016 email from attorney Thomas Fitzgibbon to counsel for Meyerov, enclosing a copy of the fully signed tolling agreement.[5]

---

[4] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[5] Trident's motion for sanctions is not in the record on appeal. Meyerov acknowledged the motion in his opposition to Trident's motion for summary judgment, as well as the existence of the two 2016 emails sending him copies of the fully-signed tolling agreement. Fitzgibbon acted as counsel for Trident, Mark, and OB in the related lawsuit filed by Meyerov.

Meyerov opposed Trident's motion for summary judgment, again arguing that the statute of limitations expired in 2014 and that the tolling agreement was ineffective because the version in the record was not signed by OB. He acknowledged Trident's motion for sanctions and did not deny receiving the emails from Mark and attorney Fitzgibbon in 2016 with copies of the fully signed tolling agreement. Instead, Meyerov argued that proof that *he* received the agreement was irrelevant, as there was no evidence that OB's acceptance of the tolling agreement was ever transmitted to Trident in order to create a binding contract under California law. In his accompanying declaration, Meyerov stated that he had "never seen nor heard nor received any evidence that a countersigned Tolling Agreement was ever transmitted or delivered from OB to Trident so as to make it a fully executed Tolling Agreement."

Meyerov also asserted that the tolling agreement was unenforceable for another reason. He argued that the tolling agreement constituted an "amendment" to the loan agreement, and therefore OB was required to give notice of its acceptance pursuant to the notice provisions in the loan agreement.

Meyerov filed objections to the declaration submitted by David in support of Trident's motion for summary judgment. As relevant here, he objected to David's statement that OB and Trident entered into the tolling agreement as "an inadmissible legal conclusion (that is also false)."

Trident filed an opposition to Meyerov's motion for summary judgment and a substantively identical reply in support of its own motion. Trident argued that the statute of limitations for its claim of the principal loan balance did not run until OB failed to pay that balance in March 2012. Trident asserted that the tolling agreement was enforceable, as it was signed by both Trident and OB. Trident's reply included a declaration from Mark, attesting that on or about February 25, 2016, "on behalf of OB I executed a document entitled 'Tolling and Non-Waiver Agreement', and attached a copy of the same to an email I sent to Daniel Meyerov on that date." In the attached email to Meyerov, Mark stated that he was attaching a copy of the tolling agreement "entered into between OnlyBusiness.com LLC and Trident Group effective as of February 15, 2016." The copy of the tolling agreement

6

attached to the email contained all three pages and signatures by both Mark (for OB) and David (for Trident).

Meyerov filed a reply, again asserting that Trident was required to produce evidence of OB's acceptance of the tolling agreement, communicated in writing to Trident, and that Trident had failed to produce any such evidence.

B. *Hearing and Rulings*

The court heard argument on both summary judgment motions on January 12, 2021. Counsel for Trident clarified that although Trident sought damages for both the loan principal and interest in the FAC, when moving for summary judgment it elected "to just go after the princip[al] and not go after the interest." As for the tolling agreement, Trident's counsel argued that "the fact that David Friedman said under oath, yes, it was entered by both sides and yes, O.B. entered it is sufficient evidence to demonstrate the fact that it was entered. And it was provided to each side. . . . Because clearly both sides have acknowledged that they are having a meeting of the minds."

Following the hearing, the court denied Meyerov's motion for summary judgment.[6] The court continued the hearing on Trident's motion and requested supplemental briefing regarding whether it could "grant summary judgment on Plaintiff's breach of contract cause of action and award the unpaid principal without Plaintiff dismissing its claim for interest as stated in the FAC."

Trident filed a supplemental brief, stating that it was "dismissing any claims for interest" and was seeking summary judgment only for damages in the amount of the principal loan balance. Meyerov also filed a supplemental brief, arguing that Trident's dismissal of its claim for interest did not render its complaint timely.

The court took the matter under submission upon receipt of the supplemental briefs, then issued its ruling, granting Trident's motion for summary judgment. The court granted both parties' requests for judicial notice of various portions of the court file, including the complaint and Trident's motion for sanctions. The court also sustained two of Meyerov's

---

[6] We granted Meyerov's request for judicial notice of the court's January 21, 2021 minute order.

objections to the evidence, but overruled the rest, including overruling the objections related to the tolling agreement.

The court found that Trident had met its initial burden on summary judgment to provide evidence establishing that the parties had entered into the loan agreement, that OB breached that agreement by failing to repay the loan, and that Trident suffered damages as a result. The court also found that Trident had "submitted evidence that Plaintiff and Defendant entered into a Tolling Agreement on February 15, 2016." As such, the burden shifted to Meyerov to show the existence of a triable issue of material fact.

Turning to Meyerov's arguments on the statute of limitations, the court found his argument that OB breached the contract as of March 2010 did not "withstand scrutiny." The court found that under the terms of the loan, the principal was not due until the undisputed maturity date of April 30, 2012. Thus, "the statute of limitations for a cause of action based on the failure to pay the principal did not start until that date."

Next, the court found that "both parties signed the Tolling Agreement." The court cited the statement in the verified FAC that the parties entered into the tolling agreement on February 15, 2016, as confirmed by the declarations of David and Mark, and by the copy of the fully executed agreement attached to Mark's declaration. Thus, "both signatories to the Tolling Agreement agree that Plaintiff and Defendant entered into the agreement. David Friedman does not contend the agreement was not effective because it was never delivered to him."

The court also rejected Meyerov's arguments regarding adherence to the notice provisions of the tolling and loan agreements. First, the court disagreed that section 2.3 of the tolling agreement required written notice for the agreement to take effect, noting that the agreement contained an effective date not tied to written notice of OB's acceptance. Thus, the court reasoned, "according to Meyerov's interpretation of the notice provision, even if both parties signed the Tolling Agreement together in person, the agreement would not be effective until they mailed or emailed copies of it to each other, which is nonsensical." Second, the court rejected Meyerov's argument that the "Loan Agreement's notice provision governs the procedure for the parties to enter into other agreements years later."

8

The court entered judgment in favor of Trident on February 24, 2021. Meyerov timely appealed.

## DISCUSSION

### I.     *Standard of Review*

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.  [Citation.]"  (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)  We thus apply "'the same three-step process required of the trial court. [Citation.]'"  (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1662.)  First, "we identify the issues framed by the pleadings"; second, "we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor"; and third, if the moving party has established a prima facie case, we determine whether the opposing party has raised a triable issue of fact.  (*Ibid.*)  Once the plaintiff makes an adequate initial showing, the burden shifts to the defendant to show a triable issue of fact "as to that cause of action or a defense thereto."  (§ 437c, subd. (p)(1).)

We review the trial court's rulings on evidentiary objections for abuse of discretion.  (See *Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1169, citing *People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 639–640.)

### II.     *Analysis*

Meyerov argues that the trial court erred in granting Trident's motion for summary judgment by finding that Trident and OB validly entered into a tolling agreement before the statute of limitations expired.  He contends the court erred in denying his summary judgment motion for the same reason. We find no error.

For the purposes of this appeal, Meyerov does not dispute that Trident's breach of contract claim accrued on April 30, 2012, the maturity date under the loan agreement.[7]  The parties also agree that the applicable

---

[7] Meyerov argued below that the claim accrued in March 2010, because at that point an "interest trigger event" had occurred but OB had failed to

statute of limitations is four years for breach of a written contract under Civil Code section 337. Thus, absent a valid tolling agreement, Trident's claim expired on April 30, 2016 and its complaint filed in January 2017 would be barred.

Meyerov contends that OB did not sign the tolling agreement in February 2016 and that Trident "magically produced" a fully signed agreement only in 2020 when the issue was raised on summary judgment. This argument is meritless. Trident produced evidence that in February 2016, Meyerov received a copy of the tolling agreement signed by both parties, shortly after the effective date of the contract. Meyerov did not file a reply brief on appeal or otherwise dispute this evidence. Thus, the evidence is uncontroverted that the tolling agreement was executed by both Trident and OB in February 2016.

Meyerov further argues that even if OB signed the tolling agreement, the contract was only binding if OB communicated its acceptance to Trident.[8] Assuming arguendo that such communication was required, we agree with the trial court's conclusion that the record contains evidence that OB accepted the offer and communicated it to Trident. Both David and Mark provided declarations in support of summary judgment confirming their understanding that Trident and OB had entered into the tolling agreement in February 2016; Mark also attached a copy of the fully executed agreement to his declaration. Additionally, there is evidence that both parties possessed copies of the fully signed document in 2016—Mark emailed a copy to Meyerov in February 2016 and Fitzgibbon (then counsel for Trident, Mark, and OB in a related lawsuit) did the same a month later. Notably, neither party to the tolling agreement has challenged its acceptance. Indeed, even Meyerov

---

pay the interest due under the promissory note. Meyerov discussed this position in the fact section of his appellate opening brief, but did not assert it as a basis for error. Instead, he acknowledges that because Trident dismissed its claim for unpaid interest, the relevant claim accrued in April 2012, when OB failed to pay the principal loan balance by the loan maturity date.

[8] Meyerov cites to Civil Code section 1626, which provides, "A contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent."

asserted in written discovery responses that Trident and OB had entered into the tolling agreement in 2016, as support for his argument that the statute of limitations had expired in 2014. As such, the evidence supports the conclusion that as of 2016, all relevant parties understood and agreed that Trident and OB had entered into the tolling agreement.

We are not persuaded otherwise by Meyerov's contention that the trial court erred in overruling his objections to Mark and David's declarations on this issue. Meyerov argues that Mark and David offered inadmissible legal conclusions regarding the formation of a contract. He relies on cases prohibiting expert testimony offering opinions on legal questions. (*Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 530 [rejecting expert's legal conclusion about the "ultimate issues in dispute"]; *Towns v. Davidson* (2007) 147 Cal.App.4th 461, 472–473 [no abuse of discretion for trial court to exclude expert testimony on "ultimate legal issues of inherent risk and duty"]; *Summers v. A.L. Gilbert Co.* (1999) 69 Cal.App.4th 1155, 1179 [discussing limitations on admissibility of expert opinion].) These cases are inapposite. David and Mark were percipient witnesses with personal knowledge of whether they agreed to enter into the tolling agreement, and the date on which they did so. The trial court did not abuse its discretion in admitting this evidence in support of its finding that both parties knowingly entered into the contract. (See *Banner Entertainment, Inc. v. Superior Court (Alchemy Filmworks, Inc.)* (1998) 62 Cal.App.4th 348, 358 [evidence of parties' mutual intent is relevant to determining contract formation].)

We also reject Meyerov's contention that David previously provided "conflicting sworn statements" when he verified the complaint and FAC and stated that his declaration attached a "true and correct copy" of the tolling agreement, but then attached a version missing OB's signature. In each of these instances, David stated that OB and Trident had entered into the tolling agreement in February 2016. Those statements were consistent with the written tolling agreement provided, and with the evidence that both parties had signed the agreement.

Further, we agree with the trial court's rejection of Meyerov's contention that the tolling agreement was not valid because the parties did not comply with the notice provisions of the loan agreement. Meyerov fails to

cite to any contractual language or other authority explaining why a provision governing notice under the *loan* agreement would apply to notice given under the *tolling* agreement, an entirely separate contract entered eight years later. Indeed, the tolling agreement expressly contains its own notice provisions, which differ from those in the loan agreement.[9] We thus conclude that Meyerov has failed to demonstrate any error in the trial court's orders granting summary judgment in favor of Trident and denying his corresponding motion.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.

CURREY, J.

---

[9] Before the trial court, Meyerov also argued that the parties were required to comply with the notice provisions of the tolling agreement in order to effectuate that agreement. The trial court rejected this argument and Meyerov does not challenge that rejection on appeal.